IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Elgin Jordan, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| *-vs-* | ) | No. _____ |
| | ) | |
| City of Chicago, Bryan Cox, Peter | ) | *(jury demand)* |
| Theodore, David Salgado, and | ) | |
| Rocco Pruger, | ) | |
| | ) | |
| | ) | |
| *Defendants.* | ) | |

## COMPLAINT

Plaintiff, by counsel, alleges as follows:

1. This is a civil action arising under 42 U.S.C. § 1983. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343 and § 1367.

2. Plaintiff Elgin Jordan is a resident of the Northern District of Illinois.

3. Defendants Bryan Cox, Peter Theodore, David Salgado, and Rocco Pruger ("officer defendants") were, at all relevant times, acting under color of their offices as Chicago police officers.

4. Defendant City of Chicago is an Illinois municipal corporation.

5. On March 31, 2015, the officer defendants arrested plaintiff in the area of West Roosevelt Road and South Springfield Avenue in Chicago

6.    At the time of plaintiff's arrest:

    a.  None of the officer defendants had a warrant authorizing the arrest of plaintiff;

    b.  None of the officer defendants believed that a warrant had been issued authorizing the arrest of plaintiff;

    c.  None of the officer defendants had observed plaintiff commit any offense; and

    d.  None of the officer defendants had received information from any source that plaintiff had committed an offense or was otherwise subject to arrest.

7.    After arresting plaintiff, the individual officer defendants conspired, confederated, and agreed to fabricate a false story in an attempt to justify the unlawful arrest, to cover-up their wrongdoing, and to cause plaintiff to be wrongfully detained and prosecuted.

8.    The false story fabricated by the individual officer defendants included their concocted claims that they had observed plaintiff selling drugs and that they had found drugs on plaintiff person.

9.    The acts of the individual officer defendants in furtherance of their scheme to frame plaintiff included the following:

a. One or more of the officer defendants prepared official police reports containing the false story, and each of the other individual officer defendants failed to intervene to prevent the violation of plaintiff's rights;

b. One or more of the officer defendants attested to the false story through the official police reports, and each of the other individual officer defendants failed to intervene to prevent the violation of plaintiff's rights; and

c. One or more of the officer defendants communicated the false story to prosecutors, and each of the other individual officer defendants failed to intervene to prevent the violation of plaintiff's rights.

10. As a result of the above described wrongful acts, plaintiff was deprived of his liberty while a pre-trial detainee, convicted of a felony, and then confined in the penitentiary for several years.

11. The Illinois Appellate Court reversed plaintiff's conviction on August 26, 2019.

12. On December 13, 2019, the prosecutor dropped all charges against plaintiff.

13. At all relevant times, the City of Chicago has known and has encouraged a "code of silence" among its police officers.

14. As summarized by the United States Department of Justice in its official report entitled "Investigation of the Chicago Police Department," January 13, 2017, at 75:

a. "One way to cover up police misconduct is when officers affirmatively lie about it or intentionally omit material facts."

b. "The Mayor has acknowledged that a 'code of silence' exists within CPD, and his opinion is shared by current officers and former high-level CPD officials interviewed during our investigation."

c. "Indeed, in an interview made public in December 2016, the President of the police officer's union admitted to such a code of silence within CPD, saying 'there's a code of silence everywhere, everybody has it . . . so why would the [Chicago Police] be any different.'"

15. The United States Department of Justice concluded that "a code of silence exists, and officers and community members know it." Report at 75.

16.     The City's above described "code of silence" was a proximate cause for the actions of the officer defendants to concoct a false story and fabricate evidence.

17.     As a result of the foregoing, plaintiff was deprived of rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United States.

18.     As a supplemental state law claim against defendant City of Chicago only: as a result of the foregoing, plaintiff was subjected to a malicious prosecution under Illinois law.

19.     Plaintiff hereby demands trial by jury.

WHEREFORE, plaintiff requests that appropriate compensatory and punitive damages be awarded against the officer defendants, that appropriate compensatory damages only be awarded against defendant City of Chicago, and that fees and costs be taxed against all defendants.

/s/  Joel A. Flaxman
Joel A. Flaxman
ARDC No. 6292818
Kenneth N. Flaxman
200 S Michigan Ave Ste 201
Chicago, IL 60604-2430
(312) 427-3200
*Attorneys for Plaintiff*