IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Elgin Jordan, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| *-vs-* | ) | No. 20-cv-4012 |
| | ) | |
| City of Chicago, Bryan Cox, Peter | ) | *(Judge Gottschall)* |
| Theodore, David Salgado, and | ) | |
| Rocco Pruger, | ) | |
| | ) | |
| | ) | |
| *Defendants.* | ) | |

## MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS

Plaintiff Elgin Jordan was framed for drug possession and spent more than four years in custody before the Illinois Appellate Court vacated his conviction and the prosecutor dropped charges. Plaintiff brings federal and state claims in this lawsuit, seeking a remedy for his wrongful imprisonment. Defendants have moved to dismiss. The Court should deny the motion.

### I. Factual Background

The facts, viewed in the light most favorable to plaintiff, *Squires-Cannon v. Forest Preserve District of Cook County*, 897 F.3d 797, 802 (7th Cir. 2018), including facts "consistent with the allegations of the complaint," *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1146-47 (7th Cir. 2010), are as follows:

Defendants Bryan Cox, Peter Theodore, David Salgado, and Rocco Pruger arrested plaintiff on March 31, 2015 in the area of West Roosevelt Road and South Springfield Avenue in Chicago. (ECF No. 1, Complaint ¶ 5.) The officers were acting under color of their offices as Chicago police officers. (*Id.* ¶ 3.) There was no legal basis for the arrest. (*Id.* ¶ 6.) After arresting plaintiff, the arresting officers conspired, confederated, and agreed to fabricate a false story to justify the unlawful arrest and cover-up their wrongdoing, causing plaintiff to be wrongfully detained and prosecuted. (*Id.* ¶ 7.)

The story fabricated by defendants Cox, Theodore, Salgado, and Pruger included the false claim that they had observed plaintiff selling drugs and that they had found drugs on plaintiff's person. (ECF No. 1, Complaint ¶ 8.) Defendants Cox, Theodore, Salgado, and Pruger used this fabrication to frame plaintiff by preparing police reports containing the false story, attesting through the official police reports that they were witnesses to the imaginary crime, and communicating the fabrication to prosecutors. (*Id.* ¶¶ 9(a), (b), (c).) Each defendant officer participated in one of these three acts or failed to intervene to prevent the violation of plaintiff's rights. (*Id.*)

Plaintiff was charged with possession of a controlled substance with intent to deliver because of the wrongful acts of Defendants Cox, Theodore, Salgado, and Pruger. (ECF No. 1, Complaint ¶ 7.) As a result of these

wrongful acts, plaintiff was deprived of his liberty while a pre-trial detainee, convicted at trial, and then confined in the penitentiary for several years. (*Id.* ¶ 10.) At plaintiff's trial, defendants Cox, Theodore, and Salgado testified to the false story. The Illinois Appellate Court reversed plaintiff's conviction on August 26, 2019 and plaintiff was released from custody when the prosecutor dropped all charges on December 13, 2019. (*Id.* ¶¶ 11-12.)

The prosecutor dropped the charges in a manner indicative of plaintiff's innocence. Plaintiff includes this assertion pursuant to *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1146-47 (7th Cir. 2010). In addition, plaintiff has alleged that defendants Cox, Theodore, Salgado, and Pruger framed him by fabricating evidence. At the pleading stage, the Court should infer that the prosecutor dismissed the case after learning of these fabrications. This inference is especially strong here because between the time that defendant Salgado testified at plaintiff's trial in 2016 and the time the prosecutor dropped the case in 2019, Salgado was indicted on federal charges for criminal acts he committed as a Chicago police officer. *United States v. Salgado*, 18-CR-286. A jury convicted Salgado on October 22, 2019. The Cook County State's Attorney's Office has dropped dozens of criminal cases tied to Salgado and another officer, Xavier Elizondo. *See* Jason Meisner, *Prosecutors quietly dropping*

*dozens of criminal cases tied to two indicted Chicago cops*, CH. TRIB. (July 20, 2018).[1]

Defendants Cox, Theodore, Salgado, and Pruger acted pursuant to a widespread practice within the Chicago Police Department of a "code of silence" when they concocted their false story and fabricated evidence against plaintiff. (ECF No. 1, Complaint ¶ 16.) Plaintiff supports this allegation by referring to the official report of the United States Department of Justice, "Investigation of the Chicago Police Department," January 13, 2017, and its finding that "a code of silence exists, and officers and community members know it." Report at 75. (ECF No. 1, Complaint ¶ 14-15.) The report also notes that defendant City of Chicago, through the Mayor and other high-level police officials, has acknowledged the existence of a code of silence in the Chicago Police Department. (*Id.* ¶ 14(b).) Plaintiff specifically alleges that a cause of his deprivation of liberty was the decision of the City to turn a blind eye to the "code of silence" among its police officers. (*Id.* ¶¶ 14-15.)

## II. Plaintiff's Complaint Satisfies the Federal Rules of Civil Procedure

Plaintiff's complaint follows the Seventh Circuit's admonition in *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073 (7th Cir. 1992) that,

---

[1] Available at https://www.chicagotribune.com/news/breaking/ct-met-chicago-cops-theft-charges-20180716-story.html (visited Oct. 1, 2020.)

"while it is common to draft complaints with multiple counts, each of which specifies a single statute or legal rule, nothing in the Rules of Civil Procedure requires this. To the contrary, the rules discourage it." *Id.* at 1078. Plaintiff's complaint also follows the teachings of the Seventh Circuit that a complaint need not plead legal theories. *See, e.g., Title Industry Assurance Co. v. First American Title Insurance Co.*, 853 F.3d 876, 880 (7th Cir. 2017). The Seventh Circuit has noted that it must "constantly remind litigants" of the rule that "plaintiffs do not need to plead legal theories." *Beaton v. SpeedyPC Software*, 907 F.3d 1018, 1023 (7th Cir. 2018).

The Court should therefore reject defendants' insistence that plaintiff plead legal theories as "specific claims" and that plaintiff "delineate separate counts." (ECF No. 24 at 4, 7.) The appropriate procedure to discover plaintiff's legal theories is through contention interrogatories. *Joseph v. Elan Motorsports Techs. Racing Corp.*, 638 F.3d 555, 561 (7th Cir. 2011).

### III.  Plaintiff's Claims

Plaintiff brings this lawsuit against five defendants. First, plaintiff sues the four officers who framed him: Defendants Cox, Theodore, Salgado, and Pruger. Plaintiff brings claims against these officers under the Fourth Amendment for causing his unreasonable seizure before trial and under the Due Process Clause of the Fourteenth Amendment for causing his deprivation of liberty after conviction. Defendants refer to a false arrest claim (ECF

No. 24 at 8-9), but plaintiff does not bring any such claim, which would be untimely under *Wallace v. Kato*, 549 U.S. 384 (2007).

Plaintiff also brings federal claims and a state law claim against the City of Chicago. Plaintiff contends that the City's official policy of maintaining a code of silence—police officers refusing to speak out about wrongdoing by other officers—was a cause of the misconduct in this case. Plaintiff also brings a state law claim, against the City of Chicago only, for the Illinois tort of malicious prosecution. The City is liable under state law for the conduct of its employees in causing plaintiff's malicious prosecution under the doctrine of respondeat superior. *Bagent v. Blessing Care Corp.*, 224 Ill. 2d 154, 163–64, 862 N.E.2d 985, 991 (2007).

### IV. Plaintiff's Complaint Sufficiently Alleges Involvement by Each Individual Defendant

Defendants first argue that the complaint does not contain sufficient allegations of wrongdoing by each individual defendant. (ECF No. 24 at 3-6.) This "impermissible group pleading" argument has been repeatedly rejected, including by this Court in *Kuri v. City of Chicago*, No. 13 C 1653, 2014 WL 114283, at *7 (N.D. Ill. Jan. 10, 2014). The Court should reject it here too.

Defendants' argument overlooks "the potential tension between § 1983's individual-responsibility requirement and factual scenarios of the kind present here." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir.

2017). In *Colbert*, the Seventh Circuit confronted a situation where the plaintiff knew that some of the ten officers who searched his house had caused property damage but he did not know which ones caused the damage because, for safety reasons, he had been removed from the search area. *Id.* This case is similar: based on the reports prepared by the officers, plaintiff knows the identity of all the officers who had some involvement in fabricating the false story, creating the reports, and communicating the false stories to prosecutors. But without discovery, plaintiff cannot state exactly what each officer's involvement was.

Plaintiff therefore follows the teaching of *Colbert* by including allegations that are unaffected by his inability to describe exactly what each officer did. In accordance with *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017), plaintiff alleges that the officers engaged in a conspiracy of silence. (ECF No. 1, Complaint ¶ 7.) And, as suggested by *Richman v. Sheahan*, 512 F.3d 876, 885 (7th Cir. 2008), plaintiff alleges that the officers who did not create the false report or communicate the false story failed to intervene to prevent those violations of plaintiff's constitutional rights. (ECF No. 1, Complaint ¶¶ 9(a), (b), (c).)

The Seventh Circuit has repeatedly held that such allegations are sufficient to survive a motion to dismiss. *Brooks v. Ross*, 578 F.3d 574, 582 (7th

Cir. 2009) (finding a complaint alleging that all members of a group of defendants engaged in misconduct unobjectionable); *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009) (holding that a prisoner's statement that he repeatedly alerted a group of medical personnel to his medical condition and they did nothing in response, causing injury, stated a claim so long as the complaint at some point identified all of the medical personnel involved); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009) (noting that where a plaintiff has been injured "as the consequence of the actions of an unknown member of a collective body, identification of the responsible party may be impossible without pretrial discovery" and that this is "not by itself a proper ground for dismissal").

This Court's ruling in *Kuri v. City of Chicago*, No. 13 C 1653, 2014 WL 114283 (N.D. Ill. Jan. 10, 2014) is instructive. As the Court there explained, "A plaintiff may not be able to specify which individual committed which parts of the alleged misconduct before the benefit of discovery." *Id.* at *8. As in *Kuri*, plaintiff's complaint "is coherent, and the basis of his claims is easily understood." *Id.*

Defendants seek to rely on *Atkins v. Hasan*, No. 15 C 203, 2015 WL 3862724, at *3 (N.D. Ill. June 22, 2015), but the allegations in that case were that the wrongdoing alleged was committed by defendants or other unnamed

individuals. Plaintiff does not make any allegation about unnamed individuals. Another case cited by defendants, *Smith v. Village of Dolton*, No. 09 C 6351, 2010 WL 744313, at *2 (N.D. Ill. Feb. 25, 2010), contained similarly vague allegations about unknown individuals and an undefined reference to "defendants OFFICERS." There is no such vagueness in the allegations here.

Defendants also raise a confusing argument about the Illinois Appellate Court's ruling in plaintiff's criminal case. (ECF No. 24 at 5-6.) That ruling vacated plaintiff's conviction; any factual discussion in the ruling was based on the evidence presented at a trial that preceded a vacated judgment. This "vacated judgment has no collateral estoppel or res judicata effect under Illinois law." *Pontarelli Limousine, Inc. v. City of Chicago*, 929 F.2d 339, 340 (7th Cir. 1991). Defendants' argument appears equivalent to the "absurd" argument rejected in *Evans v. Katalinic*, 445 F.3d 953, 955 (7th Cir. 2006).

## V. Plaintiff's Fourth Amendment Pretrial Detention Claim is Timely

Defendants are correct that under Seventh Circuit precedent, the only claim plaintiff may pursue for his pretrial detention must be brought under the Fourth Amendment. (ECF No. 24 at 7-8.) But defendants are not correct in arguing that plaintiff's claim of wrongful pretrial detention based on fabricated evidence accrued when plaintiff was found guilty at trial. Defendants cite the Seventh Circuit's non-precedential order in *Knox v. Curtis*, 771 F.

Appx. 656 (7th Cir. 2019). (*Id.* at 8.) *Knox* is inconsistent with the subsequent decision of the Supreme Court in *McDonough v. Smith*, 139 S. Ct. 2149 (2019): "The statute of limitations for a fabricated-evidence claim . . . does not begin to run until the criminal proceedings against the defendant (i.e., the § 1983 plaintiff) have terminated in his favor." *Id.* at 2154-55 (2019). The criminal proceedings underlying this case did not terminate in plaintiff's favor until the prosecutor dropped the charges on December 13, 2019.

The Seventh Circuit applied this rule in its *en banc* decision in *Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020), where it summarized *McDonough* as holding that "a section 1983 claim for fabricating evidence in a criminal prosecution accrued upon acquittal, and not when the prosecutor's knowing use of the fabricated evidence first caused some deprivation of liberty for the plaintiff." *Id.* at 415-16.

In a non-precedential order issued after *Knox*, the Seventh Circuit explained why plaintiff's claim did not accrue until favorable termination:

> If, however, a conclusion that Sanders's confinement was unconstitutional would imply the invalidity of an ongoing criminal proceeding or a prior criminal conviction, then *Heck* would continue to bar Sanders's claim after his release and until either those proceedings terminated in his favor or the conviction was vacated. *See McDonough v. Smith*, 139 S. Ct. 2149, 204 (2019); *Savory v. Cannon*, 947 F.3d 409, 414 (7th Cir. 2020).

*Sanders v. St. Joseph County*, 806 F. App'x 481, 484 n.2 (7th Cir. 2020). District courts in this circuit have uniformly applied the accrual rule set out by

-10-

the *en banc* Court in *Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020) and by the panel in *Sanders* to hold that Fourth Amendment claims for pretrial detention do not accrue until the criminal proceedings terminate in the plaintiff's favor.[2] The Court should reject defendants' invitation to apply a contrary rule.

## VI. Plaintiff has Sufficiently Alleged a State Law Malicious Prosecution Claim

Defendant City of Chicago argues that plaintiff's complaint fails to satisfy two elements of his state law malicious prosecution claim. This argument is based on a misguided request for cause-of-action pleading. The Seventh Circuit recently reiterated that this argument is without merit: "Supporting 'each evidentiary element of a legal theory' is for summary judgment or trial, not a test of the pleadings under Rule 12(b)(6) or 12(c)." *Williams v. Dart*, 967 F.3d 625, 638-39 (7th Cir. 2020) (quoting *Freeman v. Metro. Water Reclamation Dist. of Greater Chicago*, 927 F.3d 961, 965 (7th Cir. 2019).)

Defendant offers a mistaken argument about the "commencement or continuing" element of a malicious prosecution claim. (ECF No. 24 at 10.) As

---

[2] *Spencer v. Village of Arlington Heights*, No. 18-CV-00528, 2020 WL 4365640, at *2 (N.D. Ill. July 30, 2020); *Culp v. Flores*, No. 17-cv-00252, 2020 WL 1874075, at *3 (N.D. Ill. Apr. 15, 2020); *Barnett v. City of Chicago*, No. 18-cv-07946, 2020 WL 4336063, at *3 (N.D. Ill. July 28, 2020); *Hill v. City of Chicago*, No. 19-cv-06080, 2020 WL 4226672, at *2 (N.D. Ill. July 23, 2020); *Moore v. City of Chicago*, No. 19-cv-03902, 2020 WL 3077565, at *4 (N.D. Ill. June 10, 2020); *Hill v. Cook County*, No. 18-cv-08228, 2020 WL 2836773, at *10-11 (N.D. Ill. May 31, 2020).

the Illinois Supreme Court recently held, "Police officers may be subject to liability for malicious prosecution '[i]f they initiate a criminal proceeding by presentation of false statements, or by withholding exculpatory information from the prosecutor.'" *Beaman v. Freesmeyer*, 2019 IL 122654, ¶ 44, 131 N.E.3d 488, 499 (quoting 3 Dan B. Dobbs, Paul T. Hayden, & Ellen M. Bublick, THE LAW OF TORTS § 587, at 392 (2d ed. 2011).) Plaintiff has alleged that defendants Cox, Theodore, Salgado, and Pruger, acting in their capacity as Chicago Police officers, communicated a false story to prosecutors. That allegation satisfies the test of *Beaman*. Defendants acknowledge *Beaman* (ECF No. 24 at 10), but ignore its clear holding that an officer who initiates a criminal proceeding by presenting a false statement to prosecutors is liable for malicious prosecution. *See also Allen v. Berger*, 336 Ill. App. 3d 675, 678, 784 N.E.2d 367, 370 (2002) (collecting cases and holding that, "when a person makes a knowingly false report to a prosecuting officer, the resulting prosecution is attributable to that person.").

The City also argues that plaintiff has not carried his burden to prove that the prosecution terminated in a manner indicative of his innocence. (ECF No. 24 at 10-11.) But plaintiff is not required to carry any burden in his complaint. As explained above at 3, plaintiff alleges that the prosecutor dismissed the case in a manner indicative of innocence, and this allegation is consistent

with plaintiff's allegations that defendants Cox, Theodore, Salgado, and Pruger framed him by fabricating evidence. An "allegation that the charge was dismissed in a manner indicative of his innocence is sufficient at the motion to dismiss stage. Whether he will be able to meet his burden of proof is a question for later." *Lietzow v. Vill. of Huntley*, No. 17 C 5291, 2018 WL 6248911, at *5 (N.D. Ill. Nov. 29, 2018).

Finally, the City argues that the Illinois Tort Immunity Act bars the malicious prosecution claim because the officers' conduct was not "willful and wanton." (ECF No. 24 at 11.) The Court should reject this argument. As another judge in this district has stated, "it goes without saying that fabricating evidence is a willful act." *Xie v. City of Chicago*, No. 14-CV-6082, 2016 WL 6193981, at *9 n.8 (N.D. Ill. Oct. 24, 2016). Moreover, "Whether the conduct is sufficiently willful and wanton is ordinarily a question of fact for the jury and rarely should be ruled upon as a matter of law." *Chavez Garcia v. Arona*, No. 17 C 6136, 2020 WL 902827, at *6 (N.D. Ill. Feb. 25, 2020) (citing *Liska v. Dart*, 60 F. Supp.3d 889, 906–07 (N.D. Ill. 2014).)

### VII. Plaintiff has Sufficiently Alleged a *Monell* Claim

Defendant City of Chicago seeks dismissal of plaintiff's *Monell* claim because plaintiff has failed to show a "pattern of similar deprivations." (ECF No. 24 at 12-13.) The City supports this argument by relying on a case decided

at summary judgment, *Wragg v. Village of Thorton*, 604 F.3d 464, 468 (7th Cir. 2010). At the pleading stage, however, a plaintiff asserting a *Monell* claim is "not required to identify every other or even one other individual" harmed by the alleged widespread practice. *White v. City of Chicago*, 829 F.3d 837, 844 (7th Cir. 2016). This Court applied this rule in *McDonald v. Obaisi*, No. 16-CV-5417, 2017 WL 4046351, at *4 (N.D. Ill. Sept. 13, 2017), and it should do so again here.

Defendant also argues that plaintiff "must prove that the final policy-making authority both knew of and acquiesced in this practice." (ECF No. 24 at 13.) But proof is not required at the pleading stage. *E.g.*, *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 830 (7th Cir. 2014) (pleading stage is "before any evidence is required"). It is enough at this stage in the litigation for plaintiff to allege that City policymakers turned a blind eye to the "code of silence" among its police officers. (ECF No. 1, Complaint ¶¶ 14-15.)

Plaintiff also alleges that the "code of silence" was a proximate cause of the misconduct of defendants Cox, Theodore, Salgado, and Pruger. (ECF No. 1, Complaint ¶ 16.) Defendant insists that this allegation must be supported in the complaint with additional evidence (ECF No. 24 at 14-15), but again, evidence is not required at the pleading stage. *Carlson*, 758 F.3d at 830. It has long been established that "Plaintiffs in a § 1983 case against a

municipality are required to comply only with the conventional standards of notice pleading; they are not required to meet any heightened pleading standard." *Sledd v. Lindsay*, 102 F.3d 282, 288-89 (7th Cir. 1996).

Plaintiff's *Monell* allegations here are substantially similar to those in *Hallom v. City of Chicago*, No. 18-cv-4856, 2019 WL 1762912, at *4 (N.D. Ill. Apr. 22, 2019). The Court should follow the well-reasoned ruling in that case and hold that plaintiff "has sufficiently pleaded a *Monell* claim against the City by alleging that it has a widespread practice or custom of covering up police misconduct and that this practice was the cause of his injuries." *Id.*

## VIII.   Conclusion

The Court should therefore deny defendants' motion to dismiss.

Respectfully submitted,

/s/  Joel A. Flaxman
     Joel A. Flaxman
     ARDC No. 6292818
     Kenneth N. Flaxman
     200 S Michigan Ave Ste 201
     Chicago, IL 60604-2430
     (312) 427-3200
     *Attorneys for Plaintiff*