IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Elgin Jordan, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 20-cv-4012 |
| v. | ) |
| | ) Judge Joan B. Gottschall |
| City of Chicago, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Defendants have filed a motion to dismiss plaintiff Elgin Jordan's ("Jordan") complaint for failure to state a claim upon which relief can be granted.[1] *See* Fed. R. Civ. P. 12(b)(6). For the reasons discussed below, the court grants defendants' motion to dismiss in part and denies it in part.

In testing the complaint's sufficiency under Rule 12(b)(6), the court must accept the complaint's well-pleaded factual allegations, but not legal conclusions, as true and draw all reasonable inferences in the plaintiff's favor. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *145 Fisk, LLC v. Nicklas*, 986 F.3d 759, 766 (7th Cir. 2021); *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). "To survive a motion to dismiss, a plaintiff must allege 'enough facts to state a claim to relief that is plausible on its face.'" *145 Fisk*, 986 F.3d at 766 (quoting *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 365–66 (7th Cir. 2018)) (alteration omitted).

---

[1] The City of Chicago ("the city") filed the pending motion to dismiss, ECF No. 24, and the officer defendants subsequently sought and obtained leave to join the city's motion and reply. *See* ECF Nos. 28, 41.

## I. Summary of Complaint

Jordan names as defendants the City of Chicago ("the city") and Chicago police officers Bryan Cox, Peter Theodore, David Salgado, and Rocco Pruger ("officer defendants"). Officer defendants arrested Jordan on March 31, 2015, near the corner of West Roosevelt Road and South Springfield Avenue in Chicago. Compl. ¶¶ 3, 5, ECF No. 1. Officer defendants did not have a warrant, and Jordan alleges that they did not see him commit any crime. Compl. ¶ 6. Officer defendants allegedly conspired to fabricate a story that they had seen Jordan selling drugs and that they had found illegal drugs on his person. Compl. ¶¶ 7–8. They prepared police reports based on the false story, communicated that story to prosecutors, and failed to intervene to prevent the violation of Jordan's constitutional rights. Compl. ¶ 9. Jordan was held as a pretrial detainee, convicted by a jury, and sent to prison for several years as a result. Compl. ¶ 10.

On August 26, 2019, the Illinois appellate court reversed Jordan's conviction and remanded for a new trial. *People v. Jordan*, 2019 IL App (1st) 161848, ¶¶ 28–29. The court held that Jordan should have been allowed to waive his right to a jury trial and proceed with a bench trial. *Id.* ¶¶ 24–25. The Illinois appellate court also held that a remand for a second trial would not violate the double jeopardy clause because the evidence introduced at Jordan's trial was sufficient to support a conviction. *Id.* ¶ 26. On December 13, 2019, approximately four months after Jordan's conviction was reversed, the prosecutor dropped all charges against Jordan. Compl. ¶ 12.

Jordan brings claims in this civil suit under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments. Compl. ¶ 17. He also pleads a malicious prosecution claim under Illinois law against the city. Compl. ¶ 18. The complaint contains no separate counts or

headings. As Jordan notes in his response, the federal pleading standard does not require a plaintiff to plead legal theories, though the complaint "must allege some facts that support whatever theory the plaintiff asserts." *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 635 (7th Cir. 2013) (citing *McCauley,* 671 F.3d at 616).

## II. Analysis

### A. *Group Pleading and the Officer Defendants' Personal Involvement*

Accusing plaintiff of "group" or "shotgun" pleading, officer defendants first argue that Jordan has not adequately pleaded how each officer was personally involved in the alleged constitutional violations. The outcome-determinative question is whether the complaint satisfies Rule 8(a)(2) of the Federal Rules of Civil Procedure, which requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007). Jordan's complaint identifies the story officer defendants allegedly concocted and told in police reports and to judges and juries, but the complaint does not specify how exactly officer defendants reached an agreement to fabricate evidence or which officers carried out which parts of the scheme. *See* Compl. ¶¶ 6–10.

Liability under § 1983 must be based on each defendant's personal involvement in a constitutional deprivation. *See Palmer v. Marion Cnty.*, 327 F.3d 588, 594 (7th Cir. 2003). As many courts have recognized, a plaintiff may be forced to employ limited group pleading in § 1983 suits alleging police officer misconduct where the plaintiff cannot "specify which individual committed which parts of the alleged misconduct before the benefit of discovery." *Kuri v. City of Chicago*, 2014 WL 114283, at *7 (N.D. Ill. Jan. 10, 2014) (quoting *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009)). The fair notice

standard "is not so rigid that it requires a plaintiff, without the benefit of discovery, to connect every single alleged instance of misconduct in the complaint to every single specific officer." *Koh v. Graf*, 2013 WL 5348326, at *4 (N.D. Ill. Sept. 24, 2013). As the Seventh Circuit has explained, "Such a pleading standard would effectively allow police officers to violate constitutional rights with abandon as long as they ensured they could not be individually identified, even if liability for acting in concert (or for aiding and abetting each other) would otherwise apply." *Id.* (citing *Wilson v. City of Chicago*, 2009 WL 3242300, at *2 (N.D. Ill. Oct. 7, 2009)).

Like similar complaints that have survived a motion to dismiss, Jordan's complaint is coherent, as the "basis of his claims is easily understood," despite his reliance on group pleading. *Kuri v. City of Chicago*, 2014 WL 114283, at *7 (N.D. Ill. Jan. 10, 2014); *see Gray v. City of Chicago*, 2019 WL 3554239, at *5 (N.D. Ill. Aug. 1, 2019) (collecting additional cases); *Brooks v. Ross*, 578 F.3d 574, 582 (7th Cir. 2009). Officer defendants argue that Jordan must plead additional details of their personal involvement because he had the benefit of criminal discovery prior to his trial. They point to the Illinois appellate court's summary of the trial evidence. Mot. to Dismiss 5–6, ECF No. 24. Defendants do not specify which, if any, material produced during criminal discovery revealed the details of the conspiracy Jordan alleges in his complaint. *See* Reply 5–6. Had evidence of a scheme been produced prior to Jordan's trial, he would have had every incentive to introduce it. Yet the Illinois appellate court's opinion summarizes the trial evidence without referring to fabrication or concealment of evidence. *See People v. Jordan*, 2019 IL App (1st) 161848, ¶ 9. Nothing in the Illinois appellate court's opinion suggests that Jordan has access to information allowing him to plead officer defendants'

personal involvement in greater detail.  While more detail will be required after discovery, Jordan's complaint satisfies the fair notice requirement of Rule 8(a)(2).

### B. Statute of Limitations for Fourth Amendment Claim

Defendants contend (Mot. to Dismiss 7–9) that Jordan's Fourth Amendment claim is time-barred.  Federal courts in Illinois borrow the state's two-year personal injury statute of limitations for § 1983 claims.  *Lewis v. City of Chicago*, 914 F.3d 472, 478 (7th Cir. 2019) (citing 735 ILCS 5/13-202) (other citation omitted).  However, federal law determines when the two-year limitations period starts running, i.e., when the claim accrues.  *Id.* (citing *Wallace v. Kato,* 549 U.S. 384, 388–89 (2007)).  Jordan's Fourth Amendment claim has two distinct components: a claim based on his arrest and a claim for wrongful pretrial detention after a judge determined, based on allegedly fabricated evidence, that he should be held in jail pending trial.

Jordan agrees that any Fourth Amendment claim based on his arrest on March 31, 2015, would be time-barred under *Wallace*.  Resp. to Mot. to Dismiss 4–5, ECF No. 33.  *Wallace* holds that a Fourth Amendment claim that an arrest was unreasonable "accrues (and the period of limitations starts) as soon as the plaintiff has been brought before a judge."  *Manuel v. City of Joliet ("Manuel II")*, 903 F.3d 667, 669 (7th Cir. 2018) (citing *Wallace*, 549 U.S. at 389–91) (other citation omitted), *on remand from Manuel I*, 137 S. Ct. 911 (2017).  The court dismisses Jordan's Fourth Amendment claim to the extent it is based on Jordan's arrest on March 31, 2015.

The parties disagree about the accrual date of the pretrial detention component of Jordan's Fourth Amendment claim.  In *Manuel I*, the Supreme Court held that "the Fourth Amendment governs a claim for unlawful pretrial detention even beyond the start of legal process." 137 S. Ct. at 920.  But the court did not decide when such a claim accrues, leaving the

5

question to the Seventh Circuit on remand. *See id.* at 920–22. The Seventh Circuit held on remand that Manuel's claims accrued when he was released from pretrial custody. *Manuel II*, 903 F.3d at 670; *accord Lewis*, 914 F.3d at 478. The parties agree that *Manuel II* does not conclusively settle the accrual date of Jordan's Fourth Amendment claim because, unlike Manuel, a jury initially convicted Jordan in 2016, his conviction was vacated on appeal in 2019, the charges against him were dismissed on remand, and late that year, he was released from custody. Defendants argue that the limitations clock began running in 2016 when the jury initially convicted Jordan. Mot. to Dismiss 8.

Defendants rely on a dictum in *Knox v. Curtis*, 771 F. App'x 656, 658 (7th Cir. 2019), for the proposition that a Fourth Amendment claim based on fabrication of evidence accrues when a person is released from custody or convicted. *Id.* This court finds the *Knox* dictum unpersuasive in light of the Supreme Court's accrual analysis in *McDonough v. Smith*, 139 S. Ct. 2149 (2019), and the Seventh Circuit's en banc accrual analysis in *Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020), *cert. denied,* 141 S. Ct. 251 (2020).

The Supreme Court analyzed a very similar accrual question in *McDonough*, except that the plaintiff brought a claim under the due process clause rather than the Fourth Amendment. The Court held that "[t]he statute of limitations for a fabricated-evidence claim . . . does not begin to run until the criminal proceedings against the defendant (*i.e.*, the § 1983 plaintiff) have terminated in his favor." *McDonough*, 139 S. Ct. at 2154–55; *see Lewis*, 914 F.3d at 478; *Manuel II*, 903 F.3d at 670. The Seventh Circuit similarly held in *Savory*, 947 F.3d at 418, that the plaintiff's fabricated evidence claim under the due process clause accrued not when he was released from custody, but when the then-governor of Illinois later pardoned him. The

6

Seventh Circuit expressly declined to decide when the plaintiff's Fourth Amendment claim accrued and left the question for the district court on remand. *Savory*, 947 F.3d at 412 n2.

Although *McDonough* and *Savory* considered when a due process claim accrued, the reasoning of both cases parallels the Seventh Circuit's analysis of the accrual date of the plaintiff's Fourth Amendment claim in *Manuel II*. As the *Manuel* II court explained, under ordinary accrual principles "a claim does not accrue before it is possible to sue on it." *Manuel II*, 903 F.3d at 670 (citing *Heck v. Humphrey*, 512 U.S. 477, 489–90 (1994)). In both *McDonough* and *Savory*, the court held that the plaintiff's claim accrued when the plaintiff was released and *Heck* ceased to bar his § 1983 civil suit. *See McDonough*, 139 S. Ct. at 2156–57; *Manuel II*, 903 F.3d at 670; *see also Savory*, 947 F.3d at 431). In short, the *Heck* rule "avoids allowing collateral attacks on criminal judgments through civil litigation." *McDonough*, 139 S. Ct. at 2157 (citing *Heck*, 512 U.S. at 484–85).

Significantly, the Supreme Court did not phrase the accrual rule it adopted in *McDonough* in terms of the source of the constitutional right the plaintiff invoked. The Court's opinion set out an accrual rule for "fabricated-evidence claim[s]." *McDonough*, 139 S. Ct. at 2154–55. As the district court recognized on remand in *Savory*, a § 1983 suit alleging evidence fabrication calls the validity of the criminal charges into question and triggers the *Heck* bar—regardless of whether the claim is brought under the Fourth or Fourteenth Amendment. *Savory v. Cannon*, 2021 WL 1209129, at *6 (N.D. Ill. Mar. 31, 2021) (citing *Sanders v. St. Joseph Cnty.*, 806 F. App'x 481, 484 n.2 (7th Cir. 2020); *see also Culp v. Flores*, 454 F. Supp. 3d 764, 769 (N.D. Ill. 2020). This court therefore holds that under *Manuel II*, a Fourth Amendment evidence fabrication claim accrues when (1) the defendant is released from custody, and (2) *Heck* no longer bars the plaintiff's § 1983 claim.

With favorable inferences, Jordan alleges that his Fourth Amendment pretrial detention claim would have called the validity of his conviction into question, making it *Heck*-barred until the prosecutor dismissed the charges against him and he was released in December 2019. *See* Compl. ¶¶ 10–11. Because Jordan filed his complaint within two years of that date, his Fourth Amendment pretrial detention claim is timely.

### C. Municipal Liability

The city contends that the complaint does not plead a plausible municipal liability claim under *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978). Under *Monell*, a municipality cannot be held liable under § 1983 for the constitutional violations of its officers and agents on a theory of respondeat superior. *Monell*, 436 U.S. at 690–91. Rather, the plaintiff must plead and later prove "that the constitutional violation was caused by a governmental 'policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy.'" *First Midwest Bank ex rel. LaPorta v. City of Chicago*, 988 F.3d 978, 986 (7th Cir. 2021) (quoting *Monell*, 436 U.S. at 694). Official custom and practice can take at least three forms: (1) an "express policy;" (2) "a widespread practice that is so permanent and well-settled that it constitutes a custom or practice;" or (3) a constitutional violation "caused by a person with final policymaking authority." *Id.* (citing *Spiegel v. McClintic*, 916 F.3d 611, 617 (7th Cir. 2019)).

Relying on the second category, Jordan alleges that the city's widespread practice of encouraging its police officers to observe a "code of silence" proximately caused officer defendants to fabricate evidence against him and conceal the alleged wrongdoing. *See* Compl. ¶¶ 13–16. Jordan cites the following evidence to support his claim: (i) the Department of Justice's report dated January 13, 2017, finding that a code of silence existed in the Chicago

8

police department; (ii) statements from Chicago's former mayor acknowledging the existence of a code of silence within the police department; (iii) statements in the Justice Department report that the mayor's opinion is "shared by current officers and former high-level [police department] officials;" and (iv) a 2016 interview with the president of the Chicago police officers' union acknowledging that a code of silence exists.  Compl. ¶¶ 14–15.  Courts in this district have generally found these allegations sufficient to allege plausibly a widespread practice known to city policymakers.  *See, e.g.*, *Baskins v. Gilmore*, 2018 WL 4699847, at *5–6 (N.D. Ill. Sept. 30, 2018); *Spearman v. Elizondo*, 230 F. Supp. 3d 888, 894 (N.D. Ill. 2016).

Unlike many plaintiffs, Jordan does not plead instances of misconduct against others to support his *Monell* claim.  *See* Compl. ¶¶ 13–16.  But a complaint does not need to identify every other, or even one other instance, of an individual who suffered the same fate as plaintiff to plead a plausible *Monell* claim.  *See White v. City of Chicago*, 829 F.3d 837, 844 (7th Cir. 2016) (citing *Jackson v. Marion Cnty.*, 66 F.3d 151, 152–53 (7th Cir. 1995)); *see also Glisson ex rel. Glisson v. Ind. Dep't of Corr.*, 849 F.3d 372, 381 (7th Cir. 2017).

Still, Jordan must do more than plead that the city had a code of silence.  Though he need not plead evidence, Jordan must plead enough facts to raise the inference that the code of silence was the moving force behind the constitutional violations he suffered above the speculative level.  *See Iqbal*, supra, 556 U.S. at 678; *Ex rel. LaPorta*, 988 F.3d at 987 (citing *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 404 (1997)); *Teesdale v. City of Chicago*, 690 F.3d 829, 833 (7th Cir. 2012).

To plead *Monell* causation, Jordan alleges in full: "The City's above described 'code of silence' was a proximate cause for the actions of the officer defendants to concoct a false story and fabricate evidence.  As a result of the foregoing, plaintiff was deprived of rights secured by

the Fourth and Fourteenth Amendments to the Constitution of the United States." Compl. ¶¶ 16–17 (paragraph numbers omitted). These "[t]hreadbare recitals" of causation "supported by mere conclusory statements, do not suffice" to plead a plausible claim. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Jordan's allegations that officer defendants fabricated and concealed evidence are at most *consistent* with causation by the code of silence. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotations omitted); *see McCauley v. City of Chicago*, 671 F.3d 611, 617–18 (7th Cir. 2011) (disregarding complaint's conclusory allegations supporting *Monell* claim). Jordan cites *Hallom v. City of Chicago*, 2019 WL 1762912, at *4 (N.D. Ill. Apr. 22, 2019), but *Hallom* did not analyze the causation component of the plaintiff's *Monell* claim beyond making the general statement that the plaintiff need not plead evidence. Resp. to Mot. to Dismiss 15. Because Jordan has not plausibly alleged causation, his *Monell* claim is dismissed with leave to replead.

### D. Malicious Prosecution Claim

To state a malicious prosecution claim under Illinois law, a plaintiff must plausibly allege: "(1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff." *Lund v. City of Rockford*, 956 F.3d 938, 949 (7th Cir. 2020) (quoting *Swick v. Liautaud*, 662 N.E.2d 1238, 1242 (Ill. 1996)). Defendants argue that Jordan's complaint does not plausibly allege the first two elements.

On the first element, defendants essentially repeat their group pleading argument. They contend that the complaint does not specify how each officer defendant individually participated in causing the charges against Jordan to be commenced. Liability for malicious prosecution "depends on whether the defendant was actively instrumental in causing the prosecution, and the presumption of prosecutorial independence can be overcome by showing that the defendant improperly exerted pressure on the prosecutor, knowingly provided misinformation to him or her, concealed exculpatory evidence, or otherwise engaged in wrongful or bad-faith conduct." *Beaman v. Freesmeyer*, 2019 IL 122654, ¶ 44. As with defendants' group pleading arguments, the notice pleading standard does not require Jordan to plead the details of each officer's involvement in commencing the charges against him without the benefit of discovery. *See Kuri v. City of Chicago*, 2014 WL 114283, at *7 (N.D. Ill. Jan. 10, 2014) (citations omitted); *cf. Alexander v. United States*, 721 F.3d 418, 424 (7th Cir. 2013) (reversing dismissal of malicious prosecution claim brought under Indiana law and stating that Rule 8(a)(2) does not "demand that a plaintiff come to court ready to plead facts . . . that he has no way of knowing prior to discovery"). At the complaint stage, "Plaintiff's failure to specifically identify each Defendant Officer involved in his prosecution is not fatal to his [malicious prosecution] claim . . .especially because '[l]iability for malicious criminal prosecution is not confined to situations where the defendant signed a complaint against the plaintiff,' but rather 'extends to all persons who played a significant role in causing the prosecution of the plaintiff.'" *Sanders v. City of Chicago Heights*, 2014 WL 5801181, at *5 (N.D. Ill. Nov. 7, 2014) (quoting *Rodgers v. Peoples Gas, Light & Coke Co.*, 733 N.E.2d 835, 842 (Ill. App. Ct. 1st Dist. 2000)).

Defendants also argue that Jordan has not adequately alleged the favorable termination element. A "plaintiff in a suit for malicious prosecution must prove not only that his conviction

was vacated but that the prosecution was favorably terminated in a manner indicative of innocence." *Patrick v. City of Chicago*, 974 F.3d 824, 832 (7th Cir. 2020) (citing *Swick*, 662 N.E.2d at 1243). As defendants argue, the Illinois appellate court ruled, "As the evidence of record supports a finding of guilt on the charged offense, double jeopardy is no bar to retrial." *People v. Jordan*, 2019 IL App (1st) 161848, ¶ 26. In view of this ruling, defendants contend that it is not plausible to infer from the bare fact that the charges against Jordan were dismissed on remand, Compl. ¶¶ 11-12, that the dismissal was indicative of Jordan's innocence.

At summary judgment, a "bare nolle prosse [dismissal by the prosecutor] without more is not indicative of innocence" and so does not carry the plaintiff's burden to prove the second element of a malicious prosecution claim. *Washington v. Summerville*, 127 F.3d 552, 558 (7th Cir. 1997); *accord Swick*, 662 N.E.2d at 1243. Indeed, "the plaintiff bears the burden of showing that the *nolle prosequi* was entered for reasons consistent with his innocence." *Logan v. Caterpillar, Inc.*, 246 F.3d 912, 925 (7th Cir. 2001) (citing *Swick*, 662 N.E.2d at 1243). The court need not decide whether Jordan's complaint adequately alleges the favorable termination element, for Jordan, with inferences favorable to him, clarifies in his response brief that the prosecutor dismissed the charges against Jordan because he or she learned of evidence tending to show that the evidence against Jordan had been fabricated. *See* ECF No. 33 at 3, 12–13. Although a plaintiff may not amend the complaint in a response brief, *Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011) (citing *Frederico v. Home Depot*, 507 F.3d 188, 201–02 (3d Cir. 2007)), additional facts alleged in the plaintiff's response may properly be considered provided that they are consistent with the complaint. *See, e.g.*, *Smith v. Dart*, 803 F.3d 304, 311 (7th Cir. 2015); *Hrubec v. Nat'l R.R. Passenger Corp.*, 981 F.2d 962, 963–64 (7th Cir. 1992). The additional facts alleged in Jordan's

12

response brief are consistent with the complaint, and they render plausible the inference that the nolle prosequi of Jordan's charges is indicative of his innocence. *See, e.g.*, *Lietzow v. Vill. of Huntley*, 2018 WL 6248911, at *5 (N.D. Ill. Nov. 29, 2018). Defendants' motion to dismiss Jordan's malicious prosecution claim is therefore denied.

### III. Conclusion

For the reasons stated, Jordan's *Monell* claim against the City of Chicago is dismissed. His Fourth Amendment claim is dismissed as time-barred to the extent Jordan challenges his arrest on March 31, 2015. His Fourth Amendment claim challenging the lawfulness of his pretrial detention is timely and remains pending. All other relief requested by defendants in their motion to dismiss is denied.

Dated: May 17, 2021 /s/
Joan B. Gottschall
United States District Judge